UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.    1:03CR362 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| THOMAS J. SAVOCA, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Thomas Savoca's *pro se* motion for compassionate release. Doc. 156.   Upon review, the motion is DENIED.

The Sixth Circuit has previously explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted).[1]

---

1 The sentencing commission has since clarified that § 1B1.13 is in fact applicable to applications filed by prisoners.

> The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of their weighing the § 3553(a) sentencing factors. District courts are encouraged to be explicit and particular with their factual reasoning when they consider the § 3553(a) factors.

*United States v. Brown*, No. 1:19-CR-129(2), 2024 WL 987528, at *3 (S.D. Ohio Mar. 7, 2024)(citations and quotations omitted).

Savoca appears to raise two distinct arguments in an effort to demonstrate extraordinary and compelling circumstances. First, Savoca appears to argue that his health warrants such a conclusion.   However, Savoca has only offered that he may have an enlarged prostate and that he was diagnosed with varicose veins.   Neither ailment warrants a finding of extraordinary and compelling circumstances.

Next, Savoca appears to argue in passing that if he were sentenced today, he would receive a lesser sentence because of the stacking of his 924(c) charges. Savoca is arguably correct that under the sentencing structure in place today, he could face a shorter sentence.   While the Court has discretion to decide whether a defendant moving for compassionate release has established an "extraordinary and compelling" reason, that discretion is not so broad or unlimited as to permit finding a nonretroactive change to federal sentencing law as extraordinary or compelling enough to permit a sentence reduction. *United States v. McCall*, 56 F.4th 1048, 1054–55 (6th Cir. 2022)(" Consistent with the text of the compassionate-release provision, along with the principles,

structure, and history of federal sentencing law, we hold that nonretroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief.").  As Savoca's argument relies upon nonretroactive changes to the sentencing laws, he cannot demonstrate extraordinary and compelling circumstances.

Based upon the above, the motion for compassionate release is DENIED.

IT IS SO ORDERED.

November 7, 2024                                                  /s/John R. Adams                                
Date                                                                    JOHN R. ADAMS
                                                                          UNITED STATES DISTRICT JUDGE

3